IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re Enron Corporation Securities, Derivative & "ERISA" Litigation | § § § § | MDL-1446 |
| MARK NEWBY, ET AL., | § § | |
| Plaintiffs | § § | |
| VS. | § § | CIVIL ACTION NO. H-01-3624 CONSOLIDATED CASES |
| ENRON CORPORATION, ET AL., | § § | |
| Defendants | § | |
| PIRELLI ARMSTRONG TIRE CORPORATION RETIREE MEDICAL BENEFITS TRUST, Derivatively on behalf of Enron Corporation, | § § § § § § | |
| Plaintiff, | § | |
| VS. | § § | CIVIL ACTION NO. H-01-3645 |
| KENNETH L. LAY, et al., | § § | |
| Defendants. | § | |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ENRON CORP., | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. H-04-0091 |
| ANDREW S. FASTOW, et al., | § § | |
| Defendants, | § | |
| SARA J. MCMURRAY, Individually and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-03-5542 |
| ROBERT A. BELFER, et. al., | § § | |
| Defendants. | § | |

```
WILLIAM E. YOUNG AND FRANK       §
CONWAY, Individually and on      §
Behalf of Themselves and All     §
Others Similarly Situated,       §
                                 §
VS.                              §   CIVIL ACTION NO. H-04-1546
                                 §
ROBERT A. BELFER, et al.,        §
                                 §
          Defendants.            §
```

**ORDER**

Pending before the Court in the above referenced causes are (1) a motion by Bank Defendants Bank of America Corporation, Barclays PLC, Canadian Imperial Bank of Commerce, Citigroup, Inc., Credit Suisse First Boston LLC (incorrectly identified as Credit Suisse First Boston), Deutsche Bank AG, JPMorgan Chase & Co., Lehman Brothers Holdings Inc., and Merrill Lynch & Co., and Defendant outside director Charles Le Maistre for order of consolidation (instrument #144 in H-01-3645; #75 in H-03-5542; and #51 in H-04-1546); and (2) The Official Committee of Unsecured Creditors of Enron Corporation's motion to consolidate certain derivative claims (#146 in H-01-3645; #76 in H-03-5542; #78 in H-04-0091; and #54 in H-04-1546).

The Bank Defendants and Le Maistre seek an order consolidating *Young, et al. v. Belfer (hereinafter "Young"), et al.*, H-04-1546, and *McMurray v. Belfer, et al. (hereinafter "McMurray")*, H-03-5542, with *Pirelli*, H-01-3645, the lead case for derivative actions, because the Court has concluded that these two cases present derivative "holder claims" and that as a matter of law, shareholder derivative claims properly belong to Enron's

bankruptcy estate.[1]  By consolidating them in *Pirelli*, the Court would facilitate a decision by Enron's Official Committee of Unsecured Creditors, the representative of the Enron bankruptcy estate, as to whether to pursue or dismiss them or certain defendants in them.[2]

The Official Committee of Unsecured Creditors of Enron Corporation Plaintiff in *Official Committee of Unsecured Creditors of Enron Corp. v. Andrew Fastow, et al.* ("Original Committee Action"), H-04-0091, and the real party in interest in the cases consolidated under the lead derivative action, *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Kenneth Lay, et al.*, H-01-3645,[3] also seeks to consolidate *McMurray* and *Young* with *Pirelli* because the Court has ruled that they are "holder" claims and to consolidate the Original Committee Action with *Pirelli*.

---

[1] Movants state that the Court made such rulings in, and consolidated the following cases with, *Pirelli*:  *Chinn v. Belfer*, et al., H-03-862; *Bergsieker v. Lay, et al.*, H-02-3427; *Rick Barsky v. Arthur Andersen, LLP, et al.*, H-02-1922; *Trzbucki, et al. v. Fastow et al.*, H-02-1832; *Goffman, et al. v. Belfer, et al.*, H-02-1838; *Kassoway v. Fastow, et al.*, H-01-3690; *Detectives Endowment Ass'n Annuity fund v. Lay, et al.*, H-01-3892; *Coy v. Fastow, et al.*, H-01-3995; *Mounter, et al. v. Joint Energy Dev. Invs. LP, et al.*, H-01-3996; *Pratz, et al. v, Chewco Inv. LP, et al.*, H-01-3997; *Greenberg v. Belfer, et al.*, H-01-3998; and *Enron Corp. Sav. Plan v. Enron Corp.*, H-01-4108.

[2] The Court further held that it had "related to" bankruptcy jurisdiction over *Young* and *McMurray*. (#50 in H-04-1546; #73 in H-03-5542).

[3] These cases were administratively closed until the Bankruptcy Court granted the Committee's motion for authority to reopen them on July 29, 2004.  On October 30, 2004 this Court granted the Committee's motion to substitute itself as the real party in interest for the plaintiffs in these actions and to decide whether to pursue or dismiss the suits.

(*See* #73 in H-03-5542; and #125 in H-01-3645; #50 in H-04-1546). The Committee argues that it would be judicially economical to try the claims in these cases together in a single trial rather than redundantly in separate proceedings. The Committee does note that the authority granted it by the Bankruptcy Court to prosecute or dismiss the derivative claims of the Debtor's estates related to the consolidated *Pirelli* Derivative Actions, which did not at that time include *Young* or *McMurray.* Nevertheless it notes that even if it is not the proper party to pursue the claims in these two cases, the Debtor would be the proper party under this Court's ruling. The Committee has conferred with the Debtor, and they agree that the Bank Defendants should be dismissed from *Young* and *McMurray*, because claims against these Defendants were already asserted in *Enron Corp., et al. v. Citigroup, Inc., et al.*, No. 01-16034, Adversary Proceeding No. 03-09266, in the United States Bankruptcy Court for the Southern District of New York ("MegaComplaint Action"). Neither the Committee nor the Debtor wishes to pursue claims against Lehman Brothers Holdings, Inc. and Bank of America Corporation in *Young* and *McMurray* and they propose dismissal of these two banks.

In response in opposition, Plaintiffs William E. Young and Frank Conway in H-04-1546 argue that their case and *McMurray* are not derivative actions, but direct actions because they are specific injuries to Plaintiffs and other Enron stockholders, not to Enron or its estate. They insist that the Court has not ruled on that question in either. They maintain that their injuries are

solely the result of their being shareholders and investors in Enon; they do not allege damages from diminution in the value of their Enron stock or injuries to Enron Corp.  Furthermore, unlike in *Chinn v. Belfer, et al.*, H-03-862, Plaintiffs allege not only breach of fiduciary duty and common law fraud against Enron directors and officers, but also additional claims against the investment banks, financial institutions, and outside auditors.  They assert that the Bank Defendants' participation was integral to concealing the scheme and ensuring the scheme's success.  Young and Conway insist that without the Bank Defendants' involvement, the true financial condition of Enron would have been known to Plaintiffs.[4]

In reply the Bank Defendants point out the Young and Conroy's arguments are drawn in significant parts, word for word, from the briefings in *Chinn v. Belfer*, H-03-862 and that these arguments were rejected by the Court (#31, #44), which concluded that the claims were holder claims and belonged to the debtor's bankruptcy estate under both *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031 (Del. 2004), and *Loewen v. Galligan*, 882 P.2d 104 (Or. App. 1994).

---

[4] Although Young and Conway state that they McMurray responded to Defendants' motion for consolidation and that they incorporate her response in theirs, the Court has been unable to find such a response on any of the docket sheets.  Bank Defendants and Le Maistre state the same (Reply, #77 at 3 n.1 in H-03-5542, #57 in H-04-1546), but include a copy.  Because it is not part of the record, the Court cannot consider it as a basis for this ruling, but it has reviewed that instrument and finds that the Committee has adequately addressed it in its reply.

After reviewing all briefing, this Court agrees with the Committee, the Bank Defendants, and Le Maistre that *Young* and *McMurray* should be consolidated for the reasons they present. Accordingly, the Court

ORDERS that the motions to consolidate *Young* (H-04-1546), *McMurray* (H-03-5542), and the Original Committee Action (H-04-0091) with *Pirelli* (H-01-3645), the lead case, are GRANTED.

**SIGNED** at Houston, Texas, this 28th day of August, 2006.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE